# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

### STATESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. CR613-011 |
| | ) | |
| JAMAAL JOHN THOMAS | ) | |
| GARRETT | ) | |

## ORDER

Attached to this Order is, in substance, a motion by defendant Jamaal John Thomas Garrett to withdraw his guilty plea. Because he is represented by counsel, it is **DENIED.**

It is well established that a criminal defendant who has elected to be represented by counsel has no constitutional or statutory right to "hybrid representation, partly by himself and partly by counsel." 3B Charles A. Wright, Federal Practice and Procedure § 733 (3d ed. 2004); *Cross v. United States*, 893 F.2d 1287, 1291-92 (11th Cir. 1990) ("This court has repeatedly held that an individual does not have a right to hybrid representation."). Because "the right to counsel and the right to proceed *pro se* exist in the alternative," *United States v. LaChance*, 817 F.2d 1491, 1498 (11th Cir. 1987), this Court generally declines to

consider motions or briefs from a represented defendant unless they have been signed and filed by the defendant's attorney, who has independently determined that the motion or brief has merit and is warranted by the facts and applicable law. *See* Local Rule 11.3 (generally prohibiting a represented party from filing a pro se motion or brief, but allowing a represented criminal defendant to file pro se a motion for appointment of new counsel or to proceed pro se).

Because Garrett has chosen to be represented by counsel, he has no right simultaneously to act as his own attorney. The Court, therefore, declines to consider his pro se motion to withdraw his guilty plea.

**SO ORDERED** this 12th day of March, 2014.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

February 26, 2014

Re: Jamāl John Thomas Gandtt
CR 613-11
SS: 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, D.O.B. 12-6-90

Dear Sir, I wish to inform the Court that my attorney Jack M. Downie did not make clear to me that if I accepted this plea agreement I would be voluntarily and expressly waive the right to collaterally attack the sentence in any post-conviction proceeding, including a §2255 proceeding on any ground, that would be revelent.

Sir, I do not under stand why I have to agree not to ask to recind my plea if I do not understand the principals or waivers, I am ask to waive all post-conviction litigation that I should have a right too.

Sir, I do not waive all rights, whether asserted directly or by representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case.

Sir, I do believe I was mislead to enter this plea that I did not fully understand especially Section C, Section D, and Section B. Also part 4, Section A, I sincerely ask this Court that this addium to this plea agreement be dimissed, as not binding on Me.

Sir, at interrogation by the Court, even though dependant who is 23 years of age, with no experience in a federal court room setting, to be asked if he understand what is taking place is I believe a ploy to confuse and mislead

myself into this plea agreement. I ask relief from this
court as to this plea agreement.

Sincerely
Jamaal Barrett

Jamaal Garnett
1074 Carl griffin Dr
Savannah Ga 31405

JACKSONVILLE FL 320

28 FEB 2014 PM 1 L

USA
FIRST-CLASS
FOREVER

Hon, Judge B. Avant Edenfield
% Clerk of Court
125 Bull St. Savannah GA, 31419

3140183760